IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

ALBERT KEARNEY
*Defendant*.

Criminal No. ELH-18-0017

**MEMORANDUM**

Albert Kearney, defendant, was one of nineteen defendants in this drug trafficking case case. He was sentenced on February 22, 2019 (ECF 435) to 132 months of imprisonment for the offense of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A). ECF 419 (Judgment). During defendant's incarceration, he filed three motions for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF 840; ECF 1042; ECF 1256.

By Memorandum Opinion and Order of August 31, 2021, the Court denied defendant's first request for compassionate release, filed during the COVID 19 pandemic. ECF 973; ECF 974. In particular, upon considering defendant's "failure to provide an explanation for his refusal of a [COVID 19] vaccine, I conclude[d] that his medical conditions do not constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582." *Id.* at 20. However, by Memorandum Opinion and Order of April 15, 2023 (ECF 1174; ECF 1775), I granted defendant's second request for compassionate release, in part. In particular, I reduced defendant's sentence to 120 months of incarceration. ECF 1175 (Second Amended Judgment). On August 16, 2024, Kearney moved for compassionate release for a third time. ECF 1256. He argued several grounds that, in his view, amount to "extraordinary and compelling reasons" to warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *Id.* The Court did not resolve the third motion. *See* Docket.

Between the filing of defendant's third motion for compassionate release and the present, he was released to a Residential Reentry facility in Baltimore. However, the exact date of Kearney's release is not entirely clear. *See Bureau of Prisons Inmate Locator,* https://www.bop.gov/inmateloc/ (search by name Albert Kearney) (last accessed July 1, 2026).

On June 29, 2026, Mr. Kearney wrote a letter to the Court (ECF 1287), in which he explains that, while he was "on house arrest," he "fell off of a [sic] electric bike and broke his leg." *Id.* at 1. As a result of that accident, Kearney began taking morphine because of the pain caused by his injury. *Id.* Therafter, a urine drug test administered at Kearney's halfway house tested positive for morphine. *Id.* Kearney asserts that despite hospital paperwork showing that he had been prescribed morphine multiple times for his broken leg, the halfway house sent him back to jail "two days before [his] mother's funeral." *Id.*

Kearney is currently housed in Rappahannock Regional Jail ("Rappahannock") in Fredericksburg, Virginia. ECF 1287-1 (Envelope). The prisoner locator indicates that Kearney's release date is September 4, 2026. *See Bureau of Prisons Inmate Locator.* While at Rappahannock, Kearney experienced chest pains and was taken to the emergency room, where he learned that he had cracked his ribs during the accident. ECF 1287 at 1.

Kearney writes: "I truly feel my rights are being violated. Your Honor can you please release me to my probation." *Id.* He asserts that he has employment waiting for him at Johns Hopkins Hospital upon release and provides his supervisor's name and phone number as a reference. *Id.* He also criticizes the quality of food at the Rappahannock facility, claiming that it is not fit for human consumption. *Id.* He concludes, *id.*: "Please get me out of this jail. I had and still have a stable home and family to go home to." He also provides a contact name and phone number for his home plan. *Id.*

To the extent that ECF 1287 is a motion, no hearing is necessary to resolve it. *See* Local Rule 105.6.

## Discussion

Defendant recounts a serious accident, resulting in a fractured leg and cracked ribs, which led to a prescription for pain medication. ECF 1287 at 1. He contends that a positive urine screen for morphine was attributable to the medication he was prescribed for his injury, and has resulted in his return to custody just two days before his mother's funeral. *Id.* Of course, the Court is sorry to hear about what has transpired, and it does not discount the difficulty of the circumstances Kearney describes. But, the relief that Kearney seeks is not relief that this Court is empowered to grant.

In particular, the Court is not authorized to direct the Bureau of Prisons ("BOP") to return defendant to a halfway house or home confinement. *See* 18 U.S.C. § 3624(c); *see United States v. Barringer,* PJM 13-0129, 2020 WL 2557035, at *1 (D. Md. May 19, 2020) ("It is within the discretion of the Bureau of Prisons, under certain circumstances, to place an inmate on home confinement"); *United States v. Gray*, LWF-12-0054, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (finding "defendant must seek home confinement through the BOP's administrative system"). Because only the BOP may alter Kearney's place of imprisonment, the Court must deny the defendant's request for release.

Moreover, to the extent that defendant seeks compassionate release, a defendant is "not entitled to compassionate release as a matter of right." *United States v. Holley*, ___ F.4th ___, 2026 WL 1883932, at *2 (4th Cir. July 1, 2026). The Supreme Court recently clarified the standard by which a court is to analyze a motion for compassionate release. *See Rutherford v. United States,* 608 U.S. ___, 146 S. Ct. 1320 (2026); *Fernandez v. United States*, 608 U.S. ___, 146 S. Ct. 1292

3

(2026).  In *Rutherford*, 146 S. Ct. at 1330, the Court said: "The compassionate release provision empowers a district court to 'reduce the term of imprisonment' if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'"  (Quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  Further, the Court said, *id.*: "The term 'extraordinary' means 'most unusual,' 'far from common,' or 'having little or no precedent.'" (Quoting Webster's Third New International Dictionary 807 (1976)); *see Fernandez*, 146 S. Ct. at 1302.  "Putting these definitions together, 'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Rutherford*, 146 S. Ct. at 1330.

The Court also said that although "the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration." *Id; see also Fernandez*, 146 S. Ct. at 1307.  "Their meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release." *Rutherford*, 146 S. Ct. at 1330.

To the extent that Kearney's letter can be construed as a motion for compassionate release, the challenging conditions of confinement that he describes are not an extraordinary and compelling reason for compassionate release.  *See United States v. Johnson*, DLB-21-171, 2025 WL 72143, at *4 (D. Md. Jan. 9, 2025).  He does not provide grounds for such relief.

Moreover, Kearney has not shown that he exhausted his administrative remedies as to the grounds raised in his letter.  Section 3582(c)(1)(A) requires that a defendant first present his request to the warden of his facility, either exhausting his administrative rights to appeal a denial or waiting 30 days after the request before seeking relief from this Court.  18 U.S.C. § 3582(c)(1)(A). Nothing in the record indicates that Kearney presented the grievances described in his letter to the BOP before writing to the Court.

4

5

Accordingly, I shall deny ECF 1287.  An Order follows.


Date: July 1, 2026                                    /s/
                                        _____
                                        Ellen L. Hollander
                                        United States District Judge

5